LYNN S. CARMAN, State Bar 028860
Medicaid Defense Fund
28 Newport Landing Dr.
Novato, CA 94949-8214
Telephone: (415) 927-4023
Facsimile : (415) 499-1687
Email: a7827@comcast.net

STANLEY L. FRIEDMAN, State Bar 120551
445 S. Figueora St., 27th Floor
Los Angeles, CA 90071-1631
Telephone: (213) 629-1500
Facsimile : (213) 489-6899
Email: friedman@friedmanlaw.org

Attorneys for Plaintiffs Independent Living Center of Southern California, Inc.; Gerald Shapiro, Pharm.D., dba Uptown Pharmacy & Gift Shoppe; Sharon Steen, dba Central Pharmacy; Tran Pharmacy, Inc., dba Tran Pharmacy

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MANAGED PHARMACY CARE, a California corporation;[1] INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, INC., a California corporation; GERALD SHAPIRO, Pharm.D., doing business as Uptown Pharmacy & Gift Shoppe; SHARON STEEN, doing business as Central Pharmacy; and Tran Pharmacy, Inc., a California corporation, dba Tran Pharmacy, Plaintiffs, | CV09-0382 CAS (MANx) |
| | Date: April 6, 2009<br>Time: 10 a.m.<br>Courtroom: 5<br>Judge: Honorable Christine A. Snyder |
| -vs.- | |
| DAVID MAXWELL-JOLLY, Director of Department of Health Care Services of the State of California, Defendant. / | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ALTER OR AMEND, OR CLARIFY FEB. 27, 2009 ORDER** |

[1] This plaintiff, Managed Pharmacy Care "MPC") was dismissed as a plaintiff on January 26, 2009 by virtue of filing a voluntary dismissal of MPC's causes of action in this case.

The Plaintiffs Independent Living Center of Southern California, Inc.; Gerald Shapiro, Pharm.D., dba Uptown Pharmacy & Gift Shoppe; Sharon Steen, dba Central Pharmacy; and Tran Pharmacy, Inc., dba Tran Pharmacy, oppose Defendant's Motion to Alter or Amend, and Clarify Order Granting Plaintiffs' Motion for Preliminary, as set forth below:

**PRELIMINARY**

The Defendant has moved for post-judgment reconsideration of the Order filed in this case on Feb. 27, 2009, on three stated grounds, under FRCP Rules 52(b), 59(e), and 60(b), and Local Rule 7-18, (Motion for Reconsideration). The motion despite its Cloak of Many Numbers, is nothing more than a simple motion for reconsideration of the Order, but which motion fails to meet a single one of the requirements which alone permit a reconsideration motion to be granted.

The reconsideration motion, to boot, violates the basic rule on reconsideration which is set forth in Local Rule 7-18:

> "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

The Plaintiffs emphasize that only three very limited reconsideration claims are made by the Director, which are set forth on Page 2 of the Director's Notice of Motion:[2] [3]

> "The court committed manifest error of law or fact by:
>
> (1) Finding that the Legislature had the duty to consider 'any of the relevant factors' prior to the implementation of the five percent rate reduction in AB 1183, *see* Order 9:2-3; 10-1-3; 12:23-24;

---

[2] Clerk's Documents ("Doc.") 40, page 2:4-18.

[3] We list these three specific claims so as to prevent the Director's reply brief, and the Attorney General's oral argument, from flowering into a myriad of other desperate reasons for reconsideration at the oral argument of the motion, which are not specified in the Director's motion for reconsideration

> (2) Finding that the Legislature did not consider any of the relevant factors, *see* Order, 10:7-28; 12:14-18; and,
>
> (3) Improperly analyzing the evidence regarding the aggregate amount of reimbursement for all drugs, including multi-source drugs."

1. **The first reconsideration claim of Defendant is facially without merit.**

The first reconsideration claim of Defendant is that the Court erred in finding that the Legislature had the duty to consider "any of the relevant factors" prior to the implementation of the five percent rate reduction in AB 1183. (*See* Order 9:2-3; 10-1-3; 12:23-24).

**This first reconsideration claim must be denied** because the Director manifestly fails to adduce any new law or new facts on the subject than that which the Loser party unsuccessfully presented to the Court before the Order was issued, and that in the exercise of reasonable diligence could not have been known to the Loser at the time of the hearing. Therefore this reconsideration claim violates basic rules of reconsideration motions, which are set forth in **Local Rule 7-18(a)**:

> "A motion for reconsideration can be made only upon the grounds of (:)
>
> (a) a material difference in factor or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of the such decision, or
>
> (b) the emergence of new material facts or a change in law occurring after the time of such decision, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision,"

This first reconsideration claim also, to boot, violates another basic rule relating to reconsideration motions which is set forth in Local Rule 7-18:

> "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

2. **The second reconsideration claim of Defendant is also facially without merit.**

The second reconsideration claim of Defendant is that the Court erred in finding that the Legislature did not consider any of the relevant factors. (*See* Order, 10:7-28; 12:14-18).

**This second reconsideration claim must be denied** because the Director manifestly fails to adduce any new law or new facts on the subject than that what the Loser party in this case unsuccessfully presented to the Court before the Order was issued, and that in the exercise of reasonable diligence could not have been known to the Loser at the time of the hearing. Therefore this reconsideration claim violates basic rules of reconsideration motions, which are set forth in **Local Rule 7-18(a)**:

> "A motion for reconsideration can be made only upon the grounds of (:)
>
> (a) a material difference in factor or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of the such decision, or,
>
> (b) the emergence of new material facts or a change in law occurring after the time of such decision, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision."

This second reconsideration claim also, to boot, violates another basic rule relating to reconsideration motions which is set forth in Local Rule 7-18:

> "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

*******

3. **The third reconsideration claim of Defendant is facially without merit.**

The third reconsideration claim of Defendant is that the Court erred by "improperly analyzing the evidence regarding the aggregate amount of reimbursement for all drugs, including multi-source drugs."

**This third reconsideration claim must be denied** because the Director manifestly

fails to adduce any new law or new facts on the subject than that what the Loser party in this case unsuccessfully presented to the Court before the Order was issued, and that in the exercise of reasonable diligence could not have been known to the Loser at the time of the hearing. Therefore this third reconsideration claim violates the first basic rule of reconsideration motions, which is set forth in **Local Rule 7-18(a)**:

> "A motion for reconsideration can be made only upon the grounds of (:)
>
> (a) a material difference in factor or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of the such decision, or,
>
> (b) the emergence of new material facts or a change in law occurring after the time of such decision, or
>
> (c) a manifest showing of a **failure to consider material f**acts presented to the Court before such decision."

This third reconsideration claim also, to boot, violates another basic rule relating to reconsideration motions which is set forth in Local Rule 7-18:

> "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

**MISCELLANEOUS FURTHER POINTS WHICH ARE IMPORTANT**

4. **Nomenclature is not controlling when courts consider post-judgment motions.**

In post-judgment motions:

> " '(N)omenclature is not controlling. [citation]. The court will construe it, however styled, to be the type proper for the relief requested. [citation]. The history of Rule 59(e) shows that 'alter or amend' means a substantive change of mind by the court. *Boaz v. Mutual Life Insu4rance Co. of New York,* 146 F2d 321 *8th Cir.,1944), *cited* in Rule 59(a) advisory committee note." (*Miller v. Transamercia Press, Inc.*, 709 F.2d 524,527 (9th Cir,1983): a postjudgment motion styled as a Rule 59(2) motion to alter or amend a judgment, was instead treated by the appeals court, as a Rule 60(a) motion to correct a clerical mistake in the judgment).

5. **The entire Second reconsideration claim, which is based on the *ex post facto* Defendant's Request for Judicial Notice must be denied out of hand, because this evidence has been clearly available to the Defendant for the past five months!**

I.e., the Defendant's Second claim for reconsideration, (on the basis of the evidence contained in the new Defendant's Request for Judicial Notice), must be denied because all of the evidence and documents in the new Defendant's Request for Judicial Notice was known to and was available to the Defendant before the parties submitted the case at the Feb. 23, 2009 hearing.

6. **Deputy Attorney General Jesse A. Cardenas cannot improve the late-filed "legislative history" claim of the Defendant by lying to the Court, at Page 6, lines 2-5, of the Def. Memorandum,[4] that:**

> **"However, at oral argument, . . . Defendant requested that the Court take judicial notice of the legislative digest of AB 1183."**

**so as to give the Defendant a *faux* "earlier" date for making its (new) "legislative history" defensive claim.**

I.e., the above representation to the Court in the Def. Memorandum at page 6, lines 2-5,[5] is false.

The official Reporter's Transcript of the Feb. 23 hearing, (copy filed herewith as **Exhibit A**), shows that attorney Cardenas **never made any request for judicial notice, let alone, any request for judicial notice of "the legislative digest of AB 1183,"** at the Feb. 23, 2009 hearing of the Plaintiffs' motion for preliminary injunction, -- as falsely stated by attorney Cardenas on Page 6, lines 2-5 in his Def. Memorandum.[6]

This RT shows that at the Feb. 23 hearing that Attorney Cardenas said that there

---

[4] Clerk's Doc. 38, at page 6:2-5.

[5] Clerk's Doc. 38, at page 9:2-5.

[6] Clerk's Doc. 38, at page 6:2-5.

were:

> " . . . many meetings throughout the year. Okay? We have a declaration from the chief deputy that talked about it being looked at in July of 2008. . . . There were meetings. We have a declaration from the current chief director that talked about the numerous meetings that he had with the governor's office, legislative office." (Feb. 23, 2009 Reporter's Transcript, 7:2-160, filed herewith.)

This rambling was not supported by any evidence in the record or which had been offered by the Defendant.

**The RT shows there was no request by attorney Cardenas at the Feb. 23 hearing "that the Court take judicial notice of the legislative digest of AB 1183,"** as falsely stated by attorney Cardenas in his pending FRCP Rule 60(b) and Local Rule 7-8 motion to vacate the Order.

Further Conclusion on this Subpoint:

The entire Defendant's Request for Judicial Notice, including all the documents which are set forth therein, must be flatly denied admissibility, and not be considered by the Court in this post-Order hearing, -- due the fact this evidence was clearly available to the Director at the time of Feb. 23, 2009 hearing of the preliminary injunction hearing in case at bar (No. 2:09-cv-0382); -- but, contrary to Local Rule 7-18, was never offered by Defendant into evidence in this case (No. 2:09-cv-0382) except and until the Defendant filed his within motion to reconsider the Feb. 27, 2009 Order.

Accordingly, the Second reconsideration motion must be denied, on this ground alone, as being supported, if at all, entirely by evidence which was available and known to the Defendant at the time of the Feb. 23 hearing, but, was inexcusably not produced or offered into evidence until after the Feb. 27 Order complained of by Defendant was filed and entered in the within case 2:09-cv-0382.

//

//

//

7. **Also, it is clear (1) that the Legislative declaration of why it enacted the rate cuts in § 14105.191 Cal. Welf. & Inst. Code is controlling, under the principle of *expressio unius est exclusio alterious;* and (2) that the fact that the rate cuts of § 14105.191 Welf. & Inst. Code were but one of hundreds of provisions in the health trailer bill of AB 1183, (whose sole purpose was to implement and effect the 2008-2009 Budget Bill), show that it was impossible for the legislators of either House, or the Legislature as a whole, to either consider quality or equal access as it related to the Medi-Cal rate cuts of AB 1183, at all, or to appropriately and duly consider these relevant factors in the course or enacting AB 1183 as the health trailer bill to reflect the budget decisions of the 2008-2009 Budget Act.**

Conclusion on this subpoint:

In sum, the express declarations of the Legislature itself in AB 1183, which Legislatively declared that the purpose of enacting the rate cuts of Cal. Welf. & Inst. Code § 14105.191 (including the 5 percent pharmacy rate cut), was for purely budgetary reasons, was **First,** a legislative declaration of fact which cannot be ignored and must accepted by the Courts and **Second,** by the principle of *expressio unius est exclusio alterius,* the aforesaid declaration of the Legislature in Sec. 45 of AB 1183, **excludes all other purposes or considerations** of why the Legislature enacted the 5% pharmacy rate cut of AB 1183.

Next, as pointed out by Plaintiffs and which is supported by the prior filing by Plaintiffs of the entire AB 1183, the fact is that AB 1183 was the health trailer bill for the 2008-09 Budget Act, which contained hundreds of bills, none of which could be separately voted upon, but, were perforce voted up or down by each house of the Legislature by a process in which the conclusive factor in the vote were purely budgetary, (not, for heavens sake, whether in one page of the multi-bill the legislators agreed that the reduced rates were consistent with quality or equal access for Medi-Cal beneficiaries).

In sum, were the documents in the Defendant's Request for Judicial Notice, which are *ex post facto* filed by the Defendant long after the Feb. 23 injunction hearing, to be considered by the Court in the Second reconsideration claim, nevertheless, still, and notwithstanding, the only factual conclusion that could rationally be drawn by the Court is

that Legislature failed to consider at all, -- and in any event did not appropriately consider, -- the factors of quality and equal access of Medi-Cal beneficiaries in enacting the 5% pharmacy payment reduction in AB 1183.

Conclusion on this sub-point:

For the above reasons, the Second reconsideration claim of the defendant must be denied.

8. **The documents in the Requests for Judicial Notice are also irrelevant because (1) the Defendant abjured any claim that the Legislature considered the factors of quality and equal access of beneficiaries in the enactment of AB 1183, but instead, (2) solely defended on this issue by claiming that the Legislature is Above the Law: -- i.e., that 42 U.S.C. § 1396a(a)(30)(A), -- "Sec. 30A," -- and the State Plan assign the Medi-Cal rate-setting function solely to the Director, hence, that the Legislature can do anything it wants to in enacting rates for the state Medicaid program called "Medi-Cal."**

9. **There is nothing to "clarify" in the Order. Hence no motion to clarify can be granted.**

I.e., the Defendant claims no ambiguities and points to none, hence, the so-called "motion to clarify" must be denied.

10. The plaintiffs reserve all objections to the Defendant's motion to reconsider, i.e., to alter, amend, vacate, or clarify the Order. And, the failure if any of the Plaintiffs to specify other objections to the motion to reconsider is not a waiver, and is not intended to be a waiver, of any objections which the Plaintiffs have or may have to the Defendant's motion to reconsider, amend, alter, vacate, or clarify the Order of Feb. 27, 2009.

**SUMMARY AND PRAYER**

For each and all of the above reasons, the Plaintiffs respectfully pray that the Court deny the Defendant's reconsideration motion, (entitled "Defendant's Motion to Alter or

//

//

Amend, and Clarify Order Granting Plaintiffs' Motion for Preliminary Injunction"), in whole and in every part.

Dated: March 23, 2009

LYNN S. CARMAN
STANLEY L. FRIEDMAN

By: /s/ Lynn S. Carman
Attorneys for Plaintiffs
Independent Living Center of
Southern California, et al.