UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-382 CAS (MANx) | Date | April 3, 2009 |
|---|---|---|---|
| Title | Managed Pharmacy Care et al v. David Maxwell-Jolly | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) Defendant's Motion to Alter or Amend, and Clarify the Court's February 27, 2009** (filed 3/13/2009)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 6, 2009, is hereby vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

On September 16, 2008, the California Legislature passed Assembly Bill 1183 ("AB 1183"), which was subsequently signed by the Governor and filed with the Secretary of State on September 30, 2008. AB 1183 amends Cal. Welf. & Inst. Code. § 14105.19 and mandates that, effective March 1, 2009, Medi-Cal reimbursement payments to some fee-for-service providers will be reduced by one percent or five percent, depending on provider type. Particularly relevant to the instant action, AB 1183 enacts a modified Cal. Welf. Inst. Code § 14105.191(b)(3) so as to require that Medi-Cal fee-for-service payments to pharmacies be reduced by 5 percent.

These reductions mandated in AB 1183 replace the ten percent rate reduction put into place by Assembly Bill X3 5 ("AB 5"), which is scheduled to terminate on February 28, 2009. See Cal. Welf. & Inst. Code § 14105.19(b)(1). AB 5 was passed by the California Legislature on February 16, 2008. On August 18, 2008, the ten percent rate reduction mandated by AB 5 was partially enjoined by this Court in a related action, Independent Living Center of Southern California, Inc. v. Sandra Shewry, CV-08-3315 CAS (MANx). In issuing the preliminary injunction, this Court found that petitioners had, *inter alia*, demonstrated a strong likelihood of success in showing that AB 5 was preempted by § 30(A) of the Medicaid Act (referred to herein as "§ 30(A)"). The Court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-382 CAS (MANx) | Date | April 3, 2009 |
|---|---|---|---|
| Title | Managed Pharmacy Care et al v. David Maxwell-Jolly | | |

August 18, 2008 order is currently being appealed to the Court of Appeals for the Ninth Circuit.[1]

On January 16, 2009, Managed Pharmacy Care, Independent Living Center of Southern California, Inc., Gerald Shapiro, Sharon Steen, and Tran Pharmacy, Inc. filed the instant action against David Maxwell-Jolly, Director of the Department of Health Care Services of the State of California. Plaintiffs' complaint challenged the five percent Medi-Cal reimbursement rate reduction to providers of pharmacy services under AB 1183. Plaintiffs sought an order directing defendant "to set aside his preempted policy to implement § 14105.19 Welf. & Inst. Code, of AB 1183, and the 5% Rate Reduction, and, to refrain from implementing the same; including but not limited to refraining from reducing payments by five percent or by any other deduction, to pharmacy providers in the Medi-Cal FFS program, for services furnished on and after March 1, 2009."[2] Compl. at 8; Mot. at 1.

On February 2, 2009, plaintiffs filed a motion for a preliminary injunction. On February 27, 2009, the Court granted plaintiffs' motion for preliminary injunction and ordered the Department to refrain from reducing by five percent payments to pharmacies for prescription drugs provided under the Medi-Cal fee-for-service program.

On March 13, 2009, defendant filed the instant motion to alter or amend and clarify the Court's February 27, 2009 order granting plaintiff's motion for preliminary injunction. Plaintiffs filed an opposition on March 23, 2009. A reply was filed on March 30, 2009. After carefully considering the arguments set forth by the parties, the Court

---

[1] The Court's August 18, 2008 order was issued on remand from the Ninth Circuit, after plaintiffs appealed this Court's original June 25, 2008 ruling on their preliminary injunction motion. The Court's June 25, 2008 order found that plaintiffs in Independent Living lacked any federal rights under § 30(A), and therefore had denied petitioners' motion for preliminary injunction. On appeal, the Ninth Circuit held that plaintiffs could bring suit under the Supremacy Clause to enjoin AB 5 as preempted under the Medicaid Act, and remanded to this Court. See Independent Living Center of Southern California et. al. v. Sandra Shewry et al., 543 F.3d 1050 (9th Cir. 2008).

[2] On January 26, 2009, plaintiff Managed Pharmacy Care was voluntarily dismissed as a plaintiff in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-382 CAS (MANx) | Date | April 3, 2009 |
|---|---|---|---|
| Title | Managed Pharmacy Care et al v. David Maxwell-Jolly | | |

finds and concludes as follows.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a "motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." There are four grounds upon which a Rule 59(e) motion may be granted:

> 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law.

Turner v. Burlington Northern Santa Fe R.R., 338 F.3d 1058, 1063 (2003). However, a motion under Fed. R. Civ. P. 59(e) cannot be based on evidence and arguments that could have reasonably been presented earlier in the litigation. Carroll v. Nakatani, 342 F.3d 935, 945 (9th Cir. 2003); Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 12:159.2 (The Rutter Group 2007).

## III.  DISCUSSION

Defendant argues that "the Court committed manifest error of law or fact in the Order granting Plaintiff's request for preliminary injunction by: (1) finding that the California Legislature had a duty to consider 'any of the relevant factors' prior to the implementation of AB 1183 . . .; (2) finding that the legislature did not consider any of the said relevant factors . . .; and (3) improperly analyzing the evidence regarding the aggregate amount of Medi-Cal reimbursement for all drugs, including multi-source drugs." Mot. at 2.

With regard to the Legislature's duty to consider the relevant factors, defendant argues that the Court was incorrect in its finding that the holding of Orthopaedic Hosp. v. Belshe, 103 F.3d 1491 (9th Cir. 1997) (hereinafter, Orthopaedic II/III) required the Legislature to consider the relevant factors prior to reducing Medi-Cal reimbursement rates. Mot. at 2. Instead, plaintiff argues, "[i]f there is a legal obligation in §(a)(30)(A)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-382 CAS (MANx) | Date | April 3, 2009 |
|---|---|---|---|
| Title | Managed Pharmacy Care et al v. David Maxwell-Jolly | | |

to conduct a study, analysis, or give some sort of consideration of 'EEQ' in making rate changes, the federal Medicaid law is clear that any such obligation would not be on a state's legislature, but rather on a state's single state agency." Mot. at 4. However, as the Court set forth in its preliminary injunction order, and in the Court's March 9, 2009 preliminary injunction orders in the related action CV 09-722-CAS California Pharmacists Association, et al. v. David Maxwell Jolly, the Court disagrees with defendant's reading of Orthopaedic II/III, and instead finds that Orthopaedic II/III indicates that the body responsible for rate setting (here, the Legislature) must consider the relevant factors prior to or contemporaneously with the adoption of the rates.[3] Therefore, the Court declines to alter or amend its holding regarding the Legislature's responsibility to consider the relevant factors.

With regard to the Court's finding that the Legislature failed to consider the relevant factors, defendant argues that the Court committed "manifest error of law or fact by accepting Plaintiffs' inaccurate argument" regarding the legislative history of AB 1183. Mot. at 6. Defendant requests that the Court take judicial notice of evidence not submitted with its opposition, but submitted with its oppositions in the related action CV 09-722-CAS California Pharmacists Association, et al. v. David Maxwell Jolly. This evidence, defendant argues, demonstrates that the Legislature did, in fact, consider the relevant factors in passing AB 1183. Plaintiff responds that the evidence and documents submitted by defendant in his request for judicial notice were known and available to the plaintiff at the time of the hearing, and therefore they should not be considered herein. Opp'n at 5. Defendant responds that in fact, defendant's counsel called the Court's attention to similar evidence at the hearing when defendant argued that "AB 1183 just didn't come out of thin air. There were many meetings throughout the year . . . [t]here was a legislative budget committee that worked on it. There were meetings." Reply at 4, citing Reporter's Transcript 7:4-13.

The Court concludes that, regardless of the question of whether defendant properly

---

[3] The Court notes that the result of this case might have been different had the Legislature delegated the study of the relevant factors to the Department or another body, and subsequently considered the results of that study prior to approving the rate reduction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-382 CAS (MANx) | Date | April 3, 2009 |
|---|---|---|---|
| Title | Managed Pharmacy Care et al v. David Maxwell-Jolly | | |

submitted the evidence on which it now relies in its opposition to plaintiff's motion in this action, the Court fully considered this evidence when it was submitted with defendant's oppositions with regard to motions for preliminary injunction in the related action CV 09-722-CAS <u>California Pharmacists Association, et al. v. David Maxwell Jolly</u>, and determined that defendant's evidence did not demonstrate that the Legislature relied on responsible cost studies providing reliable data in setting the rates. Therefore, the Court determines that defendant has failed to demonstrate that the Court committed manifest error of law or fact in determining that the Legislature did not consider the relevant factors.

Finally, with regard to the Court's finding of irreparable harm, defendant argues that the Court erred in finding irreparable harm as to the rate reduction for multi-source drugs, given that the Department's evidence indicated that, after the implementation of the rate reduction, the aggregate Medi-Cal reimbursement for multi-source drugs would be 107 percent to 137 percent of costs. Mot. at 8. Defendant argues that "[i]f the Court concludes that anything less than 100 percent reimbursement of pharmacy costs causes irreparable harm as a result of potential equal access issues, the flip side of that conclusion is that anything above 100 percent reimbursement does not cause irreparable harm." Mot. at 8. Furthermore, defendant argues that the Court's order should be altered "to only enjoin a payment reduction that exceeds 3% on single source drugs," given that the defendants' evidence demonstrates that the reimbursement rate for single source drugs would be 98-99 percent of costs. Mot. at 9.

However, the Court finds that defendant has failed to demonstrate that the Court committed manifest error of fact in finding irreparable harm. The Court considered all of the evidence, including defendant's evidence regarding reimbursement for multi-source drugs, and determined that plaintiffs had demonstrated that the rate reductions would cause irreparable harm, particularly to certain independent pharmacies. As the Court stated in its order, for example, plaintiffs' submitted declarations "show that independent pharmacy providers, who constitute approximately thirty-three percent of the licensed community pharmacies in California, will be hard-hit by the five percent rate reduction, and may discontinue, or at least severely reduce, services to Medi-Cal beneficiaries." Defendant's showing that the reimbursement rate for multi-source drugs would be over 100 percent of costs on *average* under AB 1183 does not negate plaintiff's showing that some independent pharmacies who may have higher than average costs may be forced to reduce services or to close as a result of the rate reductions. As a result, some Medi-Cal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-382 CAS (MANx) | Date | April 3, 2009 |
|---|---|---|---|
| Title | Managed Pharmacy Care et al v. David Maxwell-Jolly | | |

beneficiaries may be irreparably harmed due to lost access to needed services.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to alter, amend or clarify the Court's February 27, 2009 order.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |